**DISABILITY RIGHTS ADVOCATES**

**California Office**
2001 Center Street, 4th Floor
Berkeley, CA 94704-1204
Tel: (510) 665-8644
Fax: (510) 665-8511
**www.dralegal.org**

**New York Office**
655 Third Avenue, 14th Floor
New York, NY 10017-5621
Tel: (212) 644-8644
Fax: (212) 644-8636
**www.dralegal.org**

February 21, 2024                                                                                          *Via CM/ECF*

Honorable J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: *National Association of the Deaf, et al. v. SiriusXM Holdings Inc., et al.*, No. 1:21-cv-10542-JPO (S.D.N.Y.)

Your Honor,

   Plaintiffs write to request: (1) a stay of the upcoming deadlines for dispositive motions, a request to which Defendants consent; and (2) pursuant to Local Rule 37.2 and Paragraph 4(B) of Your Honor's Individual Rules and Practices, an informal conference with the Court to preclude Defendants from relying on evidence disclosed over five months after the close of fact discovery. If the Court is inclined to permit Defendants to introduce this evidence, Plaintiffs request that the Court reopen discovery and order Defendants to pay Plaintiffs' reasonable expenses, including attorneys' fees and expert costs. The parties met and conferred on February 16, 2024 via telephonic conference to attempt to resolve the dispute regarding Defendants late-disclosed evidence, but were unsuccessful. However, Defendants consent to Plaintiffs' request to stay the deadlines for the Parties' motions for summary judgment until this dispute is resolved. Plaintiffs thus respectfully request that the Court grant the stay in advance of the informal conference to avoid unnecessary continued work on Plaintiffs' motion for summary judgment, currently due on February 29, 2024.

## I.  Procedural History

   This case concerns the provision of auxiliary aids and services for the podcast streaming services on Defendants' audio entertainment platforms. Fact discovery closed on August 25, 2023. *See* ECF No. 54. As of the close of fact discovery, Defendants did not offer *any* effective auxiliary aids, such as accessible transcripts, for podcasts available on their platforms. Defendants have referenced "forthcoming accessibility aids" to the Court and to counsel over the course of this case, but refused to provide Plaintiffs with any details about such plans in litigation or in settlement discussions. *See* ECF No. 73. Instead, Defendants and their counsel took the position that plans regarding any such forthcoming auxiliary aids did not yet exist, were incredibly vague, or privileged and thus could not be disclosed.

   Given Defendants' failure to disclose that any concrete plans for transcripts actually existed, Plaintiffs sent Defendants a letter that highlighted their position that:

> Defendants will not be able to rely on any evidence that Defendants have withheld on privilege grounds or otherwise refused to produce. . . . This includes, for example, the contents of discussions, if any, regarding the transcription of Defendants' entire podcast platform, any economic models developed for selecting a transcription vendor, the costs of engaging in the transcription process, cost estimates for transcription services, the volume of podcasts that will be transcribed under the [] contract, the amount of money that will be devoted to human transcription, if any, any further budgets that Sirius may or may not have for the provision of transcription or captioning, and any cost estimates to transcribe any subset of podcasts available on Defendants' platforms.

Defendants did not respond to Plaintiffs' letter. Accordingly, Plaintiffs relied on Defendants' representations that any plans regarding potentially providing auxiliary aids and services were not yet defined enough to use as a defense in this matter. Plaintiffs thus retain an expert who relied on Defendants' disclosures as of the close of fact discovery, submitting his report on October 6, 2023. And, for the past two months, Plaintiffs have been diligently preparing their motion for summary judgment relying on the information provided to them as of the close of discovery.

Despite their obligation to supplement discovery responses "in a timely manner," Fed. R. Civ. Proc. 26(e), Defendants waited to supplement until five months after discovery closed and sixteen days before the deadline for Plaintiffs' motion for summary judgment. For the first time, Defendants provided information regarding the purported current and future availability of auxiliary aids and services on the Sirius XM mobile app despite failing to confirm any plans for auxiliary aids during fact discovery.[1]

While it is not unwelcome news that there may now be some transcription for Defendants' podcast streaming services and additional future plans, this is starkly different from the information and discovery available to Plaintiffs at the close of fact discovery. Plaintiffs' expert relied upon those facts in drafting his expert report and Plaintiffs have relied upon those facts in drafting their motion for summary judgment. The prejudice of Defendants' gamesmanship thus cannot be overstated.

## II.     Defendants Should be Precluded from Relying on Late-Disclosed Evidence.

Defendants' untimely disclosure is a clear attempt to sandbag Plaintiffs and prevent their ability to take discovery on and submit expert opinion regarding the information and assertions provided in their responses. Defendants should not be permitted to rely on this evidence on a motion, at a hearing, or at trial. *See* Fed. R. Civ. Proc. 37(c); *Mail Am. Commc'ns, Inc. v. World Healing Ctr. Church, Inc.*, No. 18 CIV. 8481 (AKH), 2021 WL 1298925, at *3 (S.D.N.Y. Apr. 7, 2021) (precluding evidence because "Defendant's attempt to introduce new evidence after the agreed-upon discovery deadline has lapsed is precisely the kind of 'sandbagging' that Rule 37 seeks to prevent").

---

[1] Plaintiffs cannot disclose the specific contents of Defendants' supplemental responses in a public filing because the parties have entered into a confidentiality agreement regarding discovery and the supplemental responses have been designated "Confidential".

Rule 37 gives the Court wide discretion to preclude evidence where, as here, a party has violated their discovery obligations, including by failing to timely supplement discovery responses as required by Rule 26(e). Fed. R. Civ. Proc. 37(c)(1). In deciding whether to preclude evidence, courts consider "(1) the party's explanation for the failure to comply with [Rule 26]; (2) the importance of the [new evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new [evidence]; and (4) the possibility of a continuance." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006). A showing of bad faith is not required to exclude evidence under Rule 37. *Id.*

The Rule 37 factors favor preclusion of the amended discovery responses. There is no legitimate explanation for Defendants' failure to timely supplement. Defendants have been developing a new mobile app throughout the course of this litigation yet refused to provide any specific details about their plans to provide transcripts in the new app during discovery. Even assuming Defendants did not possess any plans related to this information until the launch of the app, which strains credulity, they knew before the close of discovery that such information would soon be available. Yet Defendants made no motion to continue discovery deadlines or, once it had closed, to reopen discovery. (They had indeed justified one extension in this case on the grounds that it would allow them to provide Plaintiffs with additional information regarding the new App, ECF No. 62—a commitment that they have since refused to honor, ECF No. 73.) Instead, they agreed to a timeline that led to Plaintiffs engaging with an expert who could rely only on information produced in fact discovery. During the Parties' meet and confer on February 16, Defendants represented that the supplemental information only became available after the close of discovery, so they now had a duty to supplement. Defendants' own responses belie any argument that supplemental responses were not possible until last week: Defendants indicate that the new app launched on December 14, 2023, yet Defendant did not supplement their responses until February 13, 2024—two months later.

The importance of the late-disclosed evidence favors preclusion. Throughout discovery, and even in response to informal requests, Defendants refused to provide specific information regarding their new App, representing that plans for auxiliary aids and services did not yet exist or were incredibly vague, and even withholding some information on privilege grounds. Defendants now supplement their discovery responses with vague, unsupported, and inarticulate representations regarding the purported availability of auxiliary aids and services on the Sirius XM app. At most, the new evidence, if verified, constitutes voluntary cessation, and therefore would not affect the Court's judgment of Defendants' liability. *See Friends of the Earth, Inc. v. Laidlaw Env. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) ("[A] defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.") (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)).

If Defendants are not precluded from relying on the late-disclosed evidence, Plaintiffs will face enormous prejudice. Plaintiffs' motion for summary judgment is due in 9 days, and the briefing is nearly complete. Plaintiffs have been diligently preparing their motion and statement of undisputed facts, spending more than 200 hours since mid-December. Permitting this evidence would require Plaintiffs to rewrite their motion because Defendants did not provide transcripts, nor disclose a defined plan to do so, as of the close of discovery. Additionally, Defendants have not provided sufficiently specific information in their supplemental responses. *See Singh v. Sachem Sch. Dist.*, 342 F.R.D. 367, 371 (E.D.N.Y. 2022) (denying motion to reopen discovery

because Defendant had already briefed summary judgment motion and would therefore face "immense prejudice"); *Irish v. Tropical Emerald LLC*, No. 18-CV-82-PKC-SJB, 2021 WL 1827115, *5 (E.D.N.Y. May 6, 2021) (striking witness and documents disclosed after the close of fact discovery because "Plaintiff has litigated [the] case on reliance of certain theories and certain factual assumptions that Defendants made about the evidence to be presented"); *Codename Enters., Inc. v. Fremantlemedia N. Am., Inc.*, No. 16 Civ. 1267 (AT) (SN), 2018 WL 3407709, *3 (S.D.N.Y. Jan. 12, 2018) (granting motion to strike late-disclosed evidence "because it deprives Defendant of the ability to investigate or rebut the evidence").

The possibility of a continuance weighs in favor of preclusion because a continuance will waste the time and resources of the parties and the Court. Permitting this evidence and reopening discovery on this issue would at the very least require Plaintiffs to issue additional written discovery, take additional depositions, retain an expert to evaluate the adequacy of Defendants' new App, and rewrite their motion for summary judgment to account for the withheld evidence. The cost and time of a continuance is a difficult burden to bear: as Defendants are well aware, Plaintiffs' counsel are non-profit attorneys and do not possess the same resources as defense counsel. A continuance will also waste court resources in a case that has been pending for over two years. *See Irish*, 2021 WL 1827115 at *5 ("[L]ate disclosure is not harmless within the meaning of Rule 37 simply because there is time to reopen or to extend discovery. If that were the determining factor, no court could preclude expert or other testimony that was unseasonably disclosed contrary to the discovery deadline dates set by the Court.") (quoting *Hard Surface Sols., Inc. v. Sherwin-Williams Co.*, 271 F.R.D. 612, 617 (N.D. Ill. 2010)); *Codename Enters., Inc.*, 2018 WL 3407709 at *3 (continuance "would be inappropriate and against the interests of judicial economy" where it would require reopening fact discovery, scheduling new depositions, allowing for additional document production, and re-briefing summary judgment); *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 76 (E.D.N.Y. 2012) ("While a continuance is always theoretically possible, the closure of discovery weighs against a continuance.").

Though "bad faith" is not required for preclusion, Defendants' eleventh-hour disclosure appears to be a deliberate effort to sabotage Plaintiffs' motion and delay judgment on liability. Defendants repeatedly refused to provide information regarding their new App and plans for auxiliary aids in discovery (and since), even using privilege as a shield, now only to provide cherry-picked facts and vague assertions regarding their new App. Further, much of the information provided appears to have been available months ago, and Defendants have not offered any cogent reason for their timing. Rule 37 is "designed to avoid . . . gamesmanship . . . [and] 'to provide a strong inducement for disclosure'" under Rule 26. *CSC Holdings, Inc. v. Berube*, No. 01-1650 DRH MLO, 2004 WL 3541331, *3 (E.D.N.Y. July 7, 2004) (quoting *Hein v. Cuprum*, 53 F. App'x 134, 136 (2d Cir. 2002)). Defendants have failed to abide by their duty to timely supplement responses under Rule 26(e) and should therefore be precluded from relying on this late-disclosed evidence.

### III.   Alternatively, Defendants Should Pay Plaintiffs' Reasonable Expenses, including Attorneys' Fees and Expert Costs.

If the Court is inclined to permit the late-disclosed evidence, Plaintiffs request that the Court reopen discovery and order Defendants to pay Plaintiffs' reasonable expenses, including attorneys' fees and expert costs. *See* Fed. R. Civ. Proc. 37(c)(1)(A). Such expenses should

include fees and costs associated with making a motion for sanctions, as well as fees and costs associated with reopening discovery and re-writing Plaintiffs' motion for summary judgment. *See Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 162 (S.D.N.Y. 2012) (ordering dilatory party to pay reasonable attorneys' fees and costs for bringing sanctions motion and reopening discovery). Courts in the Second Circuit "have often awarded attorney's fees to sanction a party who disregards [its] discovery obligations." *Tse v. UBS Fin. Servs., Inc.*, 568 F. Supp. 2d 274, 321 (S.D.N.Y. 2008) (collecting cases). Moreover, an award of fees and costs is considered the "mildest" sanction available under Rule 37. *Id.* (citing *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979)). Sanctions may be imposed on a party, its counsel, or both. *Ritchie Risk-Linked Strategies*, 280 F.R.D. at 157.

At a minimum, Plaintiffs will need to: (1) conduct additional written discovery to inquire further about Defendants' auxiliary aids and services; (2) take additional depositions, including reopening Defendants' 30(b)(6) depositions; (3) retain an expert to evaluate and opine on the accessibility and accuracy of Defendants' auxiliary aids and services; and (4) re-write their motion for summary judgment to account for the withheld information. Plaintiffs should not bear the expense of this additional discovery when Defendants withheld relevant information during fact discovery and could have supplemented their responses months ago. *See Ritchie Risk-Linked Strategies*, 280 F.R.D. at 157 ("Monetary sanctions are appropriate to punish the offending party for its actions [and] to deter the litigant's conduct, sending the message that egregious conduct will not be tolerated.") (internal citations and quotation marks omitted) (alteration in original).

For the reasons set forth above, Plaintiffs respectfully request an informal conference to preclude Defendants from relying on evidence disclosed over five months after the close of fact discovery or, in the alternative, to reopen discovery on and order Defendants to pay Plaintiffs' reasonable expenses, including attorneys' fees and expert costs. Plaintiffs also request (and Defendants consent) to a stay of all deadlines in this case until this dispute is resolved.

Respectfully submitted,

/s/ Emily Roznowski
Emily Roznowski
Disability Rights Advocates
*For Plaintiffs*