JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

DIRECT NUMBER: (212) 326-8340
LAARMSTRONG@JONESDAY.COM

February 23, 2024

**VIA CM/ECF**

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square, Room 2101
New York, NY 10007

Re: *National Association of the Deaf et al. v. Sirius XM Holdings Inc. et al.*, No. 1:21-cv-10542-JPO (S.D.N.Y.)

Dear Judge Oetken:

Defendants write in response to Plaintiffs' February 21, 2024 letter seeking preclusion of evidence described in Defendants' supplemental disclosures. ECF 83. These disclosures are entirely proper and, indeed, required, as they reflect a critical factual development that goes to the heart of this case. It is Plaintiffs who are acting improperly, by trying to freeze the record in order to conceal serious problems with their claims and even this Court's jurisdiction.

Plaintiffs principally seek an injunction forcing Defendants to provide transcripts of podcasts on their streaming services. During discovery, Defendants informed Plaintiffs that they would begin offering podcast transcripts in a new Sirius XM app and experience in the fourth quarter of 2023, although important details about the new app and its functionality were not settled when discovery closed. In December 2023, Defendants launched the new Sirius XM app and invited Plaintiffs to review the newly available transcripts, in order to determine if these transcripts satisfied their requests. Yet when Defendants formally supplemented their discovery responses earlier this month to share details of the new Sirius XM app and how it gives Plaintiffs the relief sought, Plaintiffs feigned surprise and threatened sanctions.

Plaintiffs are not entitled to any sanctions against Defendants under these circumstances. Defendants properly supplemented their disclosures after the close of discovery to account for new facts that Plaintiffs knew were coming and that address the primary point of this case. If Plaintiffs face any prejudice from the supplemental disclosures, it is of their own making.

## I. Background

Plaintiffs filed this suit seeking injunctive relief, specifically under the Americans with Disabilities Act and New York state law, hoping to require Defendants to provide transcripts of

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO • SAN FRANCISCO
SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

podcasts available on Defendants' streaming services. During discovery (through depositions and otherwise), Defendants informed Plaintiffs that they would be launching a new Sirius XM app in the fourth quarter of 2023—after the close of discovery—that would include transcripts of podcast content. Because the new Sirius XM app was still in development, though, many of the details regarding its functionality remained undecided, and Defendants could not give specifics about how the new Sirius XM app would operate.

Following the close of discovery, Defendants continued to update Plaintiffs about the upcoming Sirius XM app launch. On October 16, 2023, for example, Defendants confirmed to Plaintiffs that the new Sirius XM app would be launching soon and would include transcripts. Similarly, on December 12, 2023, Defendants informed Plaintiffs that the new Sirius XM app—including transcripts—would go live on December 14, 2023. And on December 15, 2023, Defendants notified Plaintiffs that the new Sirius XM app had launched as planned the day before, suggested that Plaintiffs should review the new Sirius XM app to assess the newly available transcripts, and agreed not to object to an extension of the summary judgment deadline in light of these developments.

In the meantime, Defendants worked to gather the information needed to supplement their discovery responses in light of the new Sirius XM app's launch. On February 13, 2023, Defendants formally supplemented their responses to include information about the new app.

## II. Defendants' Supplemental Disclosures Are Proper and Timely.

Plaintiffs argue that Defendants' supplemental disclosures should be precluded under Rule 37 as a sanction for failure to comply with Rule 26. As Plaintiffs see it, Defendants' supplemental disclosures are "untimely" because they were made "over five months after the close of fact discovery." ECF 83 at 1. But Plaintiffs invent a rule that does not exist. "There is no bright line rule that [discovery] supplementation is improper if made after the expert disclosure deadline or even after the close of discovery." *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 241 (D. Nev. 2017); *see also In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.*, 643 F. Supp. 2d 471, 481 (S.D.N.Y. 2009). Indeed, because "[s]ome information by its very nature cannot be produced during the discovery period," the Rule 26(e) duty to supplement "continues past the discovery deadline and up to the time of trial." *Fair Isaac Corp. v. Fed. Ins. Co.*, 337 F.R.D. 413, 419 (D. Minn. 2021); *see also Phil Crowley Steel Corp. v. Macomber, Inc.*, 601 F.2d 342, 343, 345 (8th Cir. 1979) (supplemental disclosures *during* trial deemed timely). For Rule 26(e) supplementation, then, timeliness must be gauged "in relation to the availability of the supplemental information, and not merely based on whether the information was provided after the discovery deadline." *Am. Gen. Life Ins. Co. v. Vistana Condo. Owners Ass'n*, 2016 WL 1611585, at *2 (D. Nev. Apr. 21, 2016); *see also Dooley v. United States*, 577 F. Supp. 3d 229, 234 (S.D.N.Y. 2021) (same).

Defendants' supplemental disclosures regarding the new Sirius XM app are entirely proper under that standard. To start, Defendants' discovery responses were correct when initially provided and through the close of discovery. As Plaintiffs acknowledge, Defendants repeatedly informed both Plaintiffs and the Court that efforts were underway to provide transcripts, and that these efforts were expected to result in the availability of podcast transcripts in the new Sirius XM app in the fourth quarter of 2023. But as Defendants explained during discovery, exactly how those transcripts would be provided remained unclear, and it was therefore impossible to provide more detailed information at the time. Engineers continued to write code for the new app, and to test, evaluate, and modify its functionality, during the discovery period. Contrary to Plaintiffs' accusations, then, there was no "sandbagging" here—Defendants provided Plaintiffs the limited information that was available about the new Sirius XM app during discovery, and Defendants repeatedly advised Plaintiffs that more information would be available after the Sirius XM app launched and was publicly available. *See Fair Isaac Corp*., 337 F.R.D. at 420 (holding that the record could not support any "intent to sandbag" where party "repeatedly advised" that supplementation would be necessary).

After the new Sirius XM app launched (for which Plaintiffs received advance notice), Defendants worked diligently to provide updated discovery responses in a timely fashion. Defendants invited Plaintiffs to review the Sirius XM app as soon as it went live.[1] And Defendants formally supplemented their discovery responses within two months of the Sirius XM app's launch, well within the range of what courts have found "timely" in similar contexts. *See, e.g., Fair Isaac Corp*., 337 F.R.D.at 420 (supplemental disclosures timely when made within "three additional months"); *Keehley v. Stiner,* No. 16-CV-6603 (CJS), 2020 WL 6505167, at *4 (W.D.N.Y. Nov. 5, 2020) (timely formal supplementation six months after post-discovery developments); *cf. Responsive Innovations, LLC v. Hotlzbrinck Publishers, LLC*, 4:08CV1184, 2014 WL 1237737, at * 2 (N.D. Ohio Mar. 25, 2014) (untimely when supplementation took over two years).

Tellingly, Plaintiffs do not cite a *single* case involving supplementing discovery responses based on information that was unavailable during discovery. Instead, Plaintiffs rely on cases addressing unexplained disclosure failures or admitted mistakes.[2] Those cases are

[1] These informal updates to Plaintiffs may well have themselves discharged Defendants' duty to supplement under Rule 26(e). *See* Fed. R. Civ. P. 26(e)(1)(A) (requiring formal supplementation only if "the additional or corrective information has not otherwise been made known to the other parties . . . in writing").

[2] *See Design Strategy, Inc. v. Davis,* 469 F.3d 284, 297 (2d Cir. 2006) ("Design has not yet explained why it omitted 'lost profits' as a category of damages in its Initial Disclosure."); *Lujan v. Cabana Mgmt., Inc*., 284 F.R.D. 50, 76 (E.D.N.Y. 2012) ("Defendants provide no explanation whatsoever for their nondisclosure of these witnesses."); *Mail Am. Commc'ns, Inc. v. World Healing Ctr. Church, Inc*., No. 18 CIV. 8481 (AKH), 2021 WL 1298925, at *3 (S.D.N.Y. Apr. 7, 2021) (unexplained failure to disclose defense); *Irish v. Tropical Emerald LLC*, No. 18-CV-82-PKC-SJB, 2021 WL 1827115, at *3 (E.D.N.Y. May 6, 2021) (unexplained failure to identify witness earlier); *Codename Enterprises, Inc. v. Fremantlemedia N. Am., Inc*., 2018 WL 3407709, at *3 (S.D.N.Y. Jan. 12,

inapposite and do not support Plaintiffs' request to preclude unquestionably relevant (indeed, vital) evidence that emerged after the close of discovery.

## III. Preclusion Is Wholly Unwarranted Given the New Facts at Issue.

Even if Defendants' formal supplemental disclosures regarding the new Sirius XM app were somehow untimely, no sanctions would be appropriate under Rule 37. To start, sanctions are inappropriate under Rule 37 if a discovery violation "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Substantial justification may be demonstrated . . . if there exists a genuine dispute concerning compliance." *Badolato v. Long Island R.R. Co*., No. 14-CV-1528, 2016 WL 6236311, at *5 (E.D.N.Y. Oct. 25, 2016). Here, not only is there at least a "genuine dispute" about the timeliness of the supplemental disclosures, but Plaintiffs were on notice of the new Sirius XM app's launch, making any purported violation harmless. *See Preuss v. Kolmar Labs., Inc*., 970 F. Supp. 2d 171, 175 (S.D.N.Y. 2013) (violation harmless where no prejudice resulted).

Nor can Plaintiffs establish that this case presents the "rare situation[]" that could justify the "harsh remedy" of preclusion. *Update Art, Inc. v. Modiin Pub., Ltd*., 843 F.2d 67, 71 (2d Cir. 1988); *see also Ocello v. White Marine, Inc*., 347 F. App'x 639, 641 (2d Cir. 2009) (preclusion is an "extreme sanction"). To the contrary, each of the factors courts use to evaluate preclusion weighs against that remedy here. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006) (courts should consider (1) the "party's explanation" for the disclosure failure; (2) the "importance" of the evidence at issue; (3) "the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony"; and (4) "the possibility of a continuance").

First, as explained above, Defendants were required to provide supplemental disclosures and did so in a timely fashion, weighing against preclusion. And Defendants could not possibly have disclosed this information during discovery, because the information did not yet exist.

Second, the information in Defendants' supplemental disclosures is critically important, implicating both this Court's jurisdiction and the propriety of injunctive relief. As a threshold matter, the fact that Defendants now provide transcripts raises serious questions about mootness. *See, e.g.*, *Bacon v. Walgreen Co*., 91 F. Supp. 3d 446, 452 (E.D.N.Y. 2015) (ADA claim moot

---

2018) (inadvertent failure to produce important evidence due to large record); *Singh v. Sachem Cent. Sch. Dist*., 342 F.R.D. 367, 371 (E.D.N.Y. 2022) (unexplained failure to serve expert report); *CSC Holdings, Inc. v. Berube*, No. 01-1650 DRH MLO, 2004 WL 3541331, at *3 (E.D.N.Y. July 7, 2004) (denying motion to strike despite unexplained failure to disclose wife as witness); *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 159 (S.D.N.Y. 2012) ("no plausible explanation" for disclosure failures); *Tse v. UBS Fin. Servs., Inc*., 568 F. Supp. 2d 274, 322 (S.D.N.Y. 2008) ("grossly negligent" responses to discovery requests).

where defendant fixed claimed violation prior to trial). Plaintiffs attempt to sidestep this fact by invoking the voluntary cessation doctrine, ECF 83 at 3, but voluntary cessation will moot a case if there is "no reasonable expectation that the alleged violation will recur." *Id*. The doctrine thus cannot justify flatly ignoring how Defendants now provide transcripts. Moreover, mootness aside, Plaintiffs can obtain their desired injunction "only on the basis of *current, ongoing conduct* that threatens future harm." *Lyons Partnership, L.P. v. Morris Costumes, Inc*., 243 F.3d 789, 799 (4th Cir. 2001) (emphasis added). For that reason, it is an abuse of discretion to "grant[] an injunction on a stale record." *Webb v. Missouri Pac. R. Co*., 98 F.3d 1067, 1069 (8th Cir. 1996); *see also, e.g.*, *Hosp. Ass'n of New York State, Inc. v. Toia,* 577 F.2d 790, 798 (2d Cir. 1978) (injunction should focus on current facts); *C. L. v. Del Amo Hosp., Inc*., No. 21-56195, 2023 WL 2770918, at *1 (9th Cir. Apr. 4, 2023) (same). Plaintiffs ignore this fundamental principle when asking the Court to adjudicate their claims on an outdated record that omits Defendants' current provision of podcast transcripts.

Third, Plaintiffs face no meaningful prejudice, as any harm they face is largely of their own making and Plaintiffs are getting what they wished for. Plaintiffs claim to have spent over 200 hours on summary judgment briefing *since mid-December*, ECF 83 at 3, even though they *knew in mid-December* that Defendants had begun offering transcripts. Plaintiffs' choice to ignore these developments in preparing their briefing is not cognizable prejudice. *See In re Weatherford Int'l Sec. Litig.,* 2013 WL 12185082, at *8 (S.D.N.Y. Nov. 19, 2013); *Silvagni*, 320 F.R.D. at 243 n.7 ("[C]ourts are generally unimpressed by tenuous assertions of prejudice when any harm could have been minimized through the movant's prompt action.").

Finally, where, as here, "no trial date is set[,] . . . the possibility of a continuance is very much a reality" that weighs against preclusion. *Feltenstein v. City of New Rochelle*, No. 14-CV-5434, 2018 WL 3752874, at *9 (S.D.N.Y. Aug. 8, 2018); *see also Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 162 (S.D.N.Y. 2012). To that end, as Plaintiffs know, Defendants do not object to extending the summary judgment deadline and, moreover, offered to discuss what additional discovery Plaintiffs believed they needed in light of these factual developments. Rather than further conferring with Defendants on this matter, Plaintiffs instead asked this Court to exclude the current facts outright.

Plaintiffs are of course correct that Rule 37 is designed to "avoid . . . gamesmanship." ECF 83 at 4 (quoting *CSC Holdings*, 2004 WL 3541331, at *3). But it is Plaintiffs who are playing games. "[A]fter all, [Defendants] repeatedly advised [Plaintiffs] of [their] intent to provide" a new app with transcripts; "in these circumstances it is [Plaintiffs], not [Defendants], who seek[] an inappropriate tactical advantage" by seeking to exclude evidence of this fact. *Fair Isaac*, 337 F.R.D. at 421. Plaintiffs thus should not be awarded either preclusion or monetary sanctions. *See, e.g., Maldonado v. Town of Greenburgh*, 2022 WL 21295040, at *7 (S.D.N.Y. Mar. 31, 2022).

JONES DAY

Honorable J. Paul Oetken
February 23, 2024
Page 6

                                        Respectfully,

                                        */s/ Lee A. Armstrong*

                                        Lee A. Armstrong

cc: Counsel of Record